UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:  20-CV-61071-DIMITROULEAS/STRAUSS

JOHNNIE LEE,

      Plaintiff,

v.

ESA P PORTFOLIO OPERATING LESSEE, LLC,
d/b/a EXTENDED STAY AMERICA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      THIS CAUSE is before me upon Defendant's Motion for Dismissal of the Action; For Sanctions; or to Compel Plaintiff's Deposition and for Reasonable Costs and Attorney's Fees with Incorporated Memorandum of Law ("Motion").[1]  (DE 22).  Defendant's Motion seeks sanctions due to Plaintiff's unilateral and premature termination of his February 4, 2021 deposition ("Deposition").  *Id.*  As further discussed below, I respectfully **RECOMMEND** that Defendant's Motion be **GRANTED IN PART AND DENIED IN PART**.

### I.      BACKGROUND

      This case arises from an alleged slip and fall on Defendant's premises.  (DE 16).  On April 7, 2020, Plaintiff filed suit against Defendant in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.  (DE 1-2).  Defendant removed the case to this Court on June 1, 2020.  (DE 1).  On August 11, 2020, Plaintiff filed an amended complaint alleging that, while he was a guest at Defendant's hotel on October 22, 2018, he was injured when he slipped and fell on

---

[1] The District Court has referred to me for disposition all pretrial discovery motions.  (DE 18).

a puddle of hot chocolate on the floor of a stairwell on the first floor of the building.  (DE 16).
Plaintiff alleges that Defendant negligently allowed the puddle of hot chocolate to remain on the
floor of the stairwell for an unreasonable period of time and failed to warn Plaintiff or others of
the dangerous condition.  *Id.*

On October 16, 2020, Defendant served notice of taking Plaintiff's Deposition on February
4, 2021.  (DE 22-1).  Despite abundant notice, however, the transcript of Plaintiff's Deposition
indicates that Plaintiff was not prepared to commit to the taking of his deposition at the scheduled
time and date.  For example, while Defendant's counsel was questioning Plaintiff about his
personal history, and despite his own counsel's plea to "please just answer his questions," Plaintiff
said: "I answered his question already.  I have no time to do all this.  I have no time for it." (DE 22-
2 at 6).  At another point in time, while his counsel was pleading with him to "please do not hang
up" and explaining to him that he "[had] to sit here and go through this because of [his] case,"
Plaintiff said: "I'm not going to sit here for no four hours anyway.  I'll give an hour of my time
and that's it."  *Id.*  Following this, Plaintiff's counsel warned Plaintiff that "if [he] terminate[d]
this deposition [he] may owe money to [the other side] out of the case."  *Id.*  Plaintiff responded:
"I'm not going to owe nobody money for nothing.  I don't have no money, I'm homeless anyway."
*Id.* at 6-7.  After further threatening to end the Deposition and further instruction and pleading
from his counsel to "please listen to [the] questions and answer [the] questions," Plaintiff said:
"Okay, but I'm giving him an hour of my time and then I've got to go.  I have some important
things to do."  *Id.* at 7.  Plaintiff's counsel then instructed him: "you can't limit the time and scope
of the deposition."  *Id.*  Plaintiff responded by saying:

> **I'm not going to stay here for no four hours, man.  I'm not going to stay here
> for that long.  I don't care, I'm not going to stay for that long.  I don't care
> about the case anyway.**

*Id.*[2]

On February 25, 2021, Defendant filed the instant Motion seeking dismissal of the action and sanctions, or an order compelling Plaintiff to sit for his deposition and to pay Defendant's reasonable costs and attorney's fees resulting from the premature termination of Plaintiff's deposition. On February 26, 2021, I issued an Order to Show Cause (DE 23) directing Plaintiff, through counsel, to file a written response explaining: Plaintiff's failure to complete his deposition; why the Motion should not be granted to dismiss this action; why the Court should consider lesser sanctions; and, if so, what lesser sanctions should be imposed. I also expedited Plaintiff's response to the Motion. *Id.*

Plaintiff filed timely responses on March 4, 2021 to both the Motion and the Order to Show Cause ("Responses"). (DE 24; DE 25). In the Responses, *inter alia*, Plaintiff apologized for his conduct and averred that "it was due to him feeling unwell as a result of a medical issue that causes him to keep nodding off, for which he is seeking medical help for. Plaintiff was also on medication which caused him to not be fully coherent and cooperative at the time of the deposition." (DE 25 at ¶1). *See also* DE 24 at ¶3 (providing similar explanation). Plaintiff "respectfully ask[ed] the Court to consider that his conduct was influenced by a medical condition for which he is seeking treatment and by adverse effects from a medication." (DE 24 at ¶8). Plaintiff also requested that the Court "give him another chance to complete the deposition now that he understands the side effects that the medication he is taking for issues unrelated to the subject case cause and prepare himself so that does not negatively affect his deposition again." (DE 25 at 3). Further, Plaintiff

---

[2] Just before terminating the Deposition, Plaintiff stated: "I have other stuff to do and I have to go to the hospital." *Id.* at 11. While Plaintiff also said, "I haven't been feeling well," Plaintiff's statements did not give the impression of any immediate emergency necessitating the termination of the Deposition. *Id.*

asked that the Court consider his indigency and placed himself "at the mercy of the Court to determine any sanctions." (DE 24 at ¶9). *See also* DE 25 at ¶4 (stating the Plaintiff "is not financially able to pay any fees or costs the Court might award").

Pursuant to order of the Court, Defendant filed a reply on March 11, 2021. (DE 27). Defendant argued that nothing in Plaintiff's responses precluded the Court from granting the subject Motion. (DE 27 at 1). Indeed, Defendant specifically pointed out that "Plaintiff did not provide any documentation or other evidence supporting the existence of his claimed medical condition, identifying the medication he claims he consumed to cause him to purportedly nod off or refuse to cooperate during the deposition, supporting that he sought medical attention following the termination of his deposition, or supporting that he was diagnosed with any condition that prevented him from participating in his deposition." *Id.* at 3. Further, Defendant asserted that "[i]n the event the matter is not dismissed, Plaintiff should be required to produce documentation supporting the existence of his claimed condition, records regarding the treatment received, and documentation identifying the medications consumed." *Id.* at n.1.

Because Plaintiff's excuses offered in his response to the February 26 Order to Show Cause were so rooted in his alleged medical condition, and because those explanations appeared inconsistent with his statements and conduct during the deposition, on March 12, 2021, I issued a second Order to Show Cause ordering that Plaintiff, through counsel, file documentation, under seal, identifying the following: the medical condition referenced in paragraph 1 of Plaintiff's response to the Court's February 26 Order to Show Cause (DE 25); the medical provider(s) treating him for his condition; the medication that he alleged caused him to "not [be] fully coherent and cooperative," and any documentation showing that he was prescribed and was, in fact, taking the medication; and any documentation that he sought medical treatment on the date of his deposition,

or to show cause why the documentation could not be filed.  (DE 28 at 3).  The March 12 Order to

Show Cause specifically warned that "[i]f Plaintiff fails to file the Documentation as directed or

otherwise fails to respond to show cause why the Documentation cannot be filed, I will recommend

that the Motion be granted by default and that this case be dismissed with prejudice." *Id.*

On March 17, 2021, Plaintiff's counsel filed a response to the March 12 Order to Show

Cause, which states:

1. On March 12, 2021, the Court entered an Order (DE 28) directing the Plaintiff
   (through counsel) to file documentation of the medical issue that led Plaintiff
   to terminate his deposition on February 4, 2021.

2. The undersigned counsel regrets to inform the Court that despite a diligent
   effort and multiple communications with the Plaintiff, the Plaintiff has not
   provided counsel with the documentation needed to respond to the Court's
   Order.

3. Therefore, the undersigned counsel is unable to file a proper response to the
   Court's Order.

(DE 29; DE 30).

## II.    <u>LEGAL STANDARD</u>

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and [e]nsure the

integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75

(11th Cir. 1999) (citation omitted).  "If a party fails to comply with a district court's discovery

order, the district court may impose sanctions, including 'dismissing the action ... in whole or in

part.'"  *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (quoting Fed. R. Civ. P.

37(b)(2)(A)(v)).  Before imposing dismissal, however, the Court must exercise caution because

dismissal is "[the] most severe Rule 37 sanction."  *Id.* (quoting *Phipps v. Blakeney*, 8 F.3d 788,

790 (11th Cir. 1993)).  "Dismissal is inappropriate where 'a party's failure to comply is due to

inability rather than to willfulness, bad faith, or disregard of responsibilities.'" *Fountain v. United*

*States*, 725 F. App'x 891, 893 (11th Cir. 2018) (quoting *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982)). The Court is not required to first impose lesser sanctions, however, if doing so would be ineffective. *United States v. One 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542–43 (11th Cir.1993).

"A district court also possesses the power to dismiss an action under Fed. R. Civ. P. 41(b) for the failure to comply with court orders generally." *Haji*, 834 F. App'x at 563 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.")). "To dismiss a complaint under Rule 41(b), a district court must find: (1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice." *Haji*, 834 F. App'x at 563 (citing *Goforth v Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Like Rule 37 dismissal, a dismissal under Rule 41(b) is an extreme measure to be used as a sanction of last resort. *Id.*

### III.   **ANALYSIS**

Here, I find that the sanction of dismissal is warranted under Fed. R. Civ. P. 37(b) and under Fed. R. Civ. P. 41(b). Plaintiff's unwillingness to supplement his insufficient Responses and explanations for his unacceptable conduct during his Deposition reinforces that his conduct in thwarting the taking of his Deposition was willful and that lesser sanctions than dismissal would not suffice.

Plaintiff's unacceptable conduct during his Deposition, and his improper termination of the Deposition, is evidenced by the transcript of that truncated Deposition. As previously noted, Plaintiff's Deposition had been duly noticed since October 16, 2020 for the February 4, 2021 date, but Plaintiff stated early on in the Deposition that he had only "an hour" to give to the Deposition

because he had "some important things to do."  (DE 22-2 at 6-7).  These early threats about ending

the Deposition prematurely came after Plaintiff expressed agitation at the questions he was being

asked to answer about his personal background, and Plaintiff made no references to medical issues

when making his early threats.  *Id.*  For example, Plaintiff responded to his counsel's warning to

stay calm by repeating his threat that "[i]f he continues to ask me those questions, I'm going to

hang up."  *Id.* at 7.  Plaintiff's counsel was also unsuccessful in appealing to Plaintiff on the basis

of Plaintiff owing money to the other side for leaving his Deposition early as evidenced by his

response to counsel that "I'm not going to owe nobody money for nothing.  I don't have no money,

I'm homeless anyway."  *Id.* at 6-7.

Plaintiff's later explanation of needing to go to the hospital was not credible in light of the

agitation that Plaintiff demonstrated during the earliest part of the Deposition, which agitation

appears to have been the real motivation for him threatening to end, and then actually ending, the

Deposition before completing it.  It was only right before Plaintiff terminated the Deposition that

he mentioned that he had to go to the hospital.  *Id.* at 11.  When opposing counsel asked why he

had to go to the hospital, Plaintiff said "[b]ecause I have been nodding out.  I don't know if I have

sugar [diabetes], because it runs in my family real bad, so I have to go to the hospital.  I haven't

been feeling well."  *Id.*  Significantly, as Defendant's Reply noted, none of Plaintiff's behavior

theretofore during the Deposition suggested that Plaintiff was "nodding out," but rather just the

opposite.  *See* DE 27 at 4.  When asked to explain further, Plaintiff ended his Deposition.  *Id.*

Plaintiff's Responses belie his excuse that he had to end the Deposition to go to the hospital.

Plaintiff's Responses emphasized that Plaintiff did "not listen to the repeated instructions from his

attorney to continue the deposition and not leave early like he did."  (DE 25 at ¶1).  *See also* DE

24 at ¶9 (acknowledging "terminating the deposition early against the repeated advice of his

attorney"). Thus, I find that Plaintiff's conduct during his Deposition was unacceptable for several reasons. First, Plaintiff was uncooperative in sitting fully for, and answering questions during, the Deposition even after being instructed to do so by his own attorney. Second, Plaintiff appears to have fabricated under oath that he had to terminate the Deposition early to go to the hospital. Third, Plaintiff carried through on his frequently repeated threats to end the Deposition prematurely after instruction from his attorney not to do so.

Furthermore, I find that Plaintiff's Responses to explain his unacceptable conduct at his Deposition were wholly inadequate because they lacked specificity and presented conflicting explanations. First, Plaintiff spoke only in the broadest terms about medical issues that contributed to his obstructive behavior at his Deposition. Plaintiff stated that his conduct was influenced by a medical condition and by adverse effects from a medication. (DE 24 at ¶8; DE 25 at ¶¶1-2). Plaintiff's Responses, however, failed to provide any details whatsoever about his medical condition, his medical treatments, or about the medication he was taking. Thus, Plaintiff's counsel did not appear diligent in preparing the Responses due to the complete lack of any detail to support Plaintiff's explanation that his medical condition and/or medication affected his ability to conduct himself in a reasonable manner during his Deposition.

Second, Plaintiff's excuses appear to conflict both with his previous interrogatory responses and with his statements in the Deposition itself. As noted in Defendant's Reply, he had previously responded to interrogatories by denying having any medical conditions or taking any medication at the time of the incident or having any relevant family medical history. DE 27 at 3, DE 27-1. Because those interrogatories pertained to Plaintiff's medical conditions at the time of the incident leading to the complaint, they do not necessarily conflict with Plaintiff having a current medical condition that may have developed or been diagnosed in the last eighteen months.

However, the answers at least provide reason to be skeptical of Plaintiff's explanation. Furthermore, while Plaintiff's response to the February 26 Order to Show Cause refers to his medical condition causing him to "nod off" and his medication interfering with his ability to be "coherent" (DE 25 at ¶1), the transcript of the Deposition does not reflect Plaintiff "nodding off" or being incoherent.  To the contrary, his responses reflect an acute awareness of what he was being asked.  Rather, his agitation appears to be (perhaps understandable, if not condonable) a direct response to being asked uncomfortable questions about his personal history.  Therefore, I find the veracity of Plaintiff's explanations in his Responses to be at issue.

Finally, when ordered by the Court to supplement and substantiate his explanations for his inappropriate conduct, Plaintiff disobeyed and failed to provide his counsel with documentation for a proper response to the March 12 Order to Show Cause.  (DE 29; DE 30).  Plaintiff was specifically warned that if he failed to file documentation or otherwise respond to show cause why documentation could not be filed, that I would recommend that Defendant's Motion be granted by default and that the case be dismissed with prejudice.  (DE 28 at 2).  Even with this warning, Plaintiff failed to respond.  This failure to respond doubly damages Plaintiff's case for resisting dismissal.  First, the lack of substantiating evidence corroborates the skepticism fostered by the inconsistency between his explanations at the Deposition and the excuses in his Responses, suggesting that the excuses in his Responses were not only unavailing but disingenuous.  Second, Plaintiff's choice to "not provide[ ] counsel with the documentation needed to respond to the Court's Order"[3] aligns with Plaintiff's testimony that "he do[esn't] care about the case."  I thus

---

[3] Notably, Plaintiff did not seek additional time, provide any other reason to believe that a substantive response to the March 12 Order to Show Cause could be forthcoming with changed circumstances, or even provide some of the information called for while explaining an inability to document that information.  In short, the tenor of Plaintiff's response is that Plaintiff either could not substantiate the excuses in his Responses or could not be bothered to do so.

find Plaintiff's disregard of the Court's order to provide documentation or an explanation as to why he could not provide documentation to be willful and contemptuous.

Additionally, Defendant has been prejudiced by Plaintiff's willful failure to cooperate in sitting for his deposition because discovery in this case ends on April 26, 2021. Not only is the time period short for scheduling Defendant for another deposition, but Defendant would be left with little, if any, time to follow up on matters surfaced from Plaintiff's belated deposition.

In sum, I find that Plaintiff's conduct warrants dismissal of this action for the following reasons. First, Plaintiff's extremely inappropriate conduct during his Deposition – exacerbated by his conflicting explanation in his Responses and refusal to adequately respond to the March 12 Order to Show Cause – warrants sanctions. Second, Plaintiff has demonstrated that lesser sanctions than dismissal will be inadequate because (based on both his sworn statements at his Deposition and in his response to the February 26 Order to Show Cause) he views himself immune to monetary sanctions and because his conduct aligns with his sworn testimony that he does not care about his own case. Third, Plaintiff appears willing to fabricate excuses for not sitting properly for his deposition. Specifically, I find Plaintiff's Responses to the February 26 Order to Show Cause were made in bad faith because Plaintiff's excuses conflict with his statements and conduct during the Deposition and lack substance due to the absence of any details whatsoever regarding the alleged medical impairments purportedly affecting his conduct. Fourth, Plaintiff willfully disregarded the Court's March 12 Order to Show Cause, which provided an opportunity for him to demonstrate candor or to support his allegations of impairment due to medical issues. Plaintiff's conduct in ignoring the Court's March 12 Order to Show Cause removes any assurance that Plaintiff's inappropriate conduct would not continue if the Court compelled him to sit for another deposition and belies the assertion in his response to the February 26 Order to Show Cause

that "his case is very important to him and his family."  *See* DE 25 at ¶ 3.  Moreover, Plaintiff's apathetic response to the March 12 Order to Show Cause further confirms that his misconduct was not due to "inability rather than to willfulness, bad faith, or disregard of responsibilities."  *See Fountain,* 725 F. App'x at 893.  Fifth, Plaintiff's willful conduct has obstructed the discovery process and prejudiced Defendant. Thus, I conclude that lesser sanctions would be inadequate, and dismissal is appropriate.

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' Motion (DE 22) be **GRANTED IN PART AND DENIED IN PART**.  Specifically, I recommend as follows:

1.  That the Motion **GRANTED** as to dismissal of the action;

2.  That the Motion be **DENIED** as to further sanctions in light of Plaintiff's indigency;

3.  That this case be **DISMISSED** with prejudice;

4.  That a **DEFAULT JUDGMENT** be entered in favor of Defendant.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the

parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

      **DONE** and **SUBMITTED** in Fort Lauderdale, Florida, this 18th day of March 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. William P. Dimitrouleas
Counsel of record